IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| PROGRESSIVE DIRECT INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 11-2493 ) |
| JANE HARRISON and SHERRIE VACEK, | ) ) ) |
| Defendants. | ) |

ORDER GRANTING SUMMARY JUDGMENT

Plaintiff Progressive Direct Insurance Company ("Progressive") brings this declaratory judgment action against Defendants Jane Harrison ("Harrison") and Sherrie Vacek ("Vacek") pursuant to 28 U.S.C. §§ 2201-2202. (See Compl. For Decl. J., ECF No. 1.) On February 15, 2012, Progressive filed a Motion for Summary Judgment. (Mot. for Summ. J., ECF No. 25.) Vacek responded on March 28, 2012. (Vacek's Resp., ECF No. 28.) Progressive replied on April 5, 2012. (Reply, ECF No. 30.) Harrison responded on April 18, 2012. (Harrison's Resp., ECF No. 31.)

I. Background

The initial facts are undisputed. At approximately 12:53 P.M. on February 11, 2011, Harrison was directing traffic at the

Memphis International Airport. (Compl. ¶ 8, ECF No. 1.) Vacek was driving her vehicle in the passenger pickup area on the airport's lower level. (Id. at ¶ 7.) She stopped in the pickup area, and Harrison instructed her to keep moving. (Id. at ¶ 9.)

What happened next is in dispute. Progressive alleges in its complaint that Vacek became angry and deliberately reversed her vehicle, striking Harrison. (Id. at ¶ 14.) Vacek contends that the encounter was a misunderstanding. (Vacek Aff., ECF No. 28-1.) She says that she stopped her vehicle in the pickup area and that, when she stepped out, she was preoccupied and anxious because of her job concerns and the recent death of her mother. (Id. ¶¶ 5-6.) Vacek also says that she is blind in her right eye and wears a prosthesis because she had a cancerous retinoblastoma as a child. (Id. ¶ 7.) Vacek contends that she panicked when Harrison told her to move because she was confused and disoriented and that she got into her vehicle with the intention of circling around the airport. (Id. ¶¶ 8-9.) Vacek says that she backed up because she believed there was a curb in front of her car, which prevented her from going forward. (Id. ¶ 9.) She says she could see Harrison as she backed up, but when she put the car in drive and moved into traffic she no longer saw Harrison. (Id. ¶¶ 9-10.) Vacek says that, as she began to move out into traffic, she saw a car driving toward her, and she "drove forward and hit the curb" to avoid an

accident. (Id. ¶ 10.) She claims that the impact caused her to hit her head on the steering wheel. (Id.) Vacek says she then drove into traffic intending to circle the airport, but was stopped by a police officer who told her she had left the scene of an accident. (Id. ¶ 11.) Vacek claims that she did not and would not ever intentionally hit a pedestrian. (Id. ¶ 12.)

After the incident, Vacek was charged with aggravated assault, Tenn. Code Ann. § 39-13-102, reckless endangerment, Tenn. Code Ann. § 39-13-103, leaving the scene of an accident, Tenn. Code Ann. § 55-1-102, and property damage. (Aff. of Compl., ECF No. 25-4.) Vacek pled guilty to reckless endangerment. The other charges were dismissed. (Plea of Guilty, ECF No. 25-4.) She says she accepted a guilty plea because she could not afford the cost of going to trial and she did not trust a public defender. (Vacek Aff. ¶¶ 16-17.) On September 1, 2011, Harrison and her husband filed suit against Vacek for compensatory and punitive damages in excess of $1,500,000. (Resp. in Opp. to Mot. to Dismiss for Lack of Juris., ECF No. 9.)

At the time of the accident, Vacek had an automobile insurance policy with Progressive. (Policy, ECF No. 1-1.) The policy contains a "criminal act exclusion" which provides that Progressive has no duty to defend against:

> bodily injury or property damage caused by, or reasonably expected to result from, a criminal act or omission of [Vacek]. This exclusion applies regardless of whether [Vacek] is actually charged with, or convicted of a crime. For purposes of this exclusion, criminal acts or omissions do not include traffic violations.

(Id. Part I ¶ 17.) Progressive contends that this provision negates its obligation to provide any coverage (indemnity) or to defend Vacek in any action arising from the February 11, 2011 incident. (Pl's Mem. in Support of Mot. for Summ. J., ECF No. 25-1.)

## II. Jurisdiction and Choice of Law

Progressive is an Ohio corporation with its principal place of business in Ohio. (Am. Compl. ¶ 1, ECF No. 12.) Harrison alleges that she is a Tennessee resident. (Harrison's Ans. ¶ 2, ECF No. 29.) Vacek alleges that she is an Arizona resident. (Vacek's Ans. ¶ 3, ECF No. 15.) The parties are diverse, and the amount in controversy exceeds $75,000. (Am. Compl. ¶ 5.) The Court has diversity jurisdiction under 28 U.S.C. § 1332.

In a diversity action, a federal court must apply the "choice of law" rules of the state in which it sits. Pedicini v. Life Ins. Co., 682 F.3d 522, 526 (6th Cir. 2012) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)) (applying state choice of law rules when hearing a case in diversity jurisdiction); see also e.g., Menuskin v. Williams, 145 F.3d 755, 761 (6th Cir. 1998) (citations omitted) (applying

4

state choice of law rules when exercising supplemental jurisdiction); Girgis v. Countrywide Home Loans, Inc., 733 F. Supp. 2d 835, 850-51 (N.D. Ohio 2010) (citations omitted) (applying forum state choice of law to interpret a contractual choice of law provision).

For contract claims, Tennessee follows the rule of lex loci contractus, which provides that a contract is presumed to be governed by the law of the jurisdiction in which it was executed, absent a contrary intent. Vantage Tech., LLC v. Cross, 17 S.W.3d 637, 650 (Tenn. Ct. App. 1999) (citing Ohio Cas. Ins. Co. v. Travelers Indem. Co., 493 S.W.2d 465, 467 (Tenn. 1973)); see also Southeast Tex. Inns, Inc. v. Prime Hospitality Corp., 462 F.3d 666, 672 n.8 (6th Cir. 2006) (observing that "Tennessee adheres to the rule of lex loci contractus."). The insurance policy was issued in South Dakota. (Policy.) It contains no choice of law provision. Neither party contests the application of South Dakota law. Therefore, the Court will apply the substantive law of South Dakota.

**III. Standard of Review**

Under Federal Rule of Civil Procedure 56, on motion of a party, the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party can meet this burden by

pointing out to the court that the non-moving party, having had sufficient opportunity for discovery, has no evidence to support an essential element of her case. See Fed. R. Civ. P. 56(c)(1); Asbury v. Teodosio, 412 F. Appx. 786, 791 (6th Cir. 2011) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)).

When confronted with a properly supported motion for summary judgment, the non-moving party must set forth specific facts showing that there is a genuine dispute for trial. See Fed. R. Civ. P. 56(c). A genuine dispute for trial exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party. See Wasek v. Arrow Energy Servs., 682 F.3d 463, 467 (6th Cir. 2012) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The non-moving party must "'do more than simply show that there is some metaphysical doubt as to the material facts.'" Phelps v. State Farm Mut. Auto. Ins. Co., 680 F.3d 725, 735 (6th Cir. 2012) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). One may not oppose a properly supported summary judgment motion by mere reliance on the pleadings. See Beckett v. Ford, 384 Fed. Appx. 435, 443 (6th Cir. 2010) (citing Celotex Corp., 477 U.S. at 324). Instead, the non-moving party "must adduce concrete evidence on which a reasonable juror could return a verdict in [her] favor." Stalbosky v. Belew, 205 F.3d 890, 895 (6th Cir. 2000) (citations omitted); see Fed. R. Civ.

P. 56(c)(1). The district court does not have the duty to search the record for such evidence. See Fed. R. Civ. P. 56(c)(3); InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989). The non-moving party has the duty to point out specific evidence in the record that would be sufficient to justify a jury decision in her favor. See Fed. R. Civ. P. 56(c)(1); InterRoyal Corp., 889 F.2d at 111.

Although summary judgment must be used carefully, it "is an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action[,] rather than a disfavored procedural shortcut." FDIC v. Jeff Miller Stables, 573 F.3d 289, 294 (6th Cir. 2009) (internal quotation marks and citations omitted).

**IV. Analysis**

In South Dakota, construction of a contract is a question of law. Roden v. Gen. Cas. Co., 671 N.W.2d 622, 625 (S.D. 2003). That "includes determining whether an insurance contract is ambiguous." Id. (citations omitted). An insurance policy is ambiguous only when it "is fairly susceptible to two constructions." Id. (citations omitted). When language in an insurance policy is ambiguous, it must be construed against the insurer. See Alverson v. Northwestern Nat. Cas. Co., 559 N.W.2d 234, 235 (S.D. 1997). A contract should be interpreted

"'according to the natural and obvious import of the language, without resorting to subtle and forced construction.'" Culhane v. Western Nat'l Mut. Ins. Co., 704 N.W.2d 287, 293 (S.D. 2005) (quoting State Farm Mut. Auto. Ins. Co. v. Vostad, 520 N.W.2d 273, 275 (S.D. 1994)).

When an incident "is not a covered occurrence," an insurance company "is under no duty to defend or indemnify" an insured. St. Paul Fire & Marine Ins. Co. v. Engelmann, 639 N.W.2d 192, 197 (S.D. 2002). The policy at issue provides that Progressive has no duty to indemnify for or defend against:

> bodily injury or property damage caused by, or reasonably expected to result from, a criminal act or omission of that insured person. This exclusion applies regardless of whether that insured person is actually charged with, or convicted of a crime. For purposes of this exclusion, criminal acts or omissions do not include traffic violations.

(Auto Policy Part I ¶ 17.)

The Supreme Court of South Dakota considered a similar policy exclusion in American Family Mutual Insurance Group v. Kostaneski, 688 N.W.2d 410 (S.D. 2004). The policyholder's son, Kostaneski, fired a paintball gun in the direction of teenagers with whom he had had a shouting match and did permanent injury to a bystander's eye. Id. at 412. The insurance company argued that it was not liable because the defendant's homeowner's insurance contained a criminal act exclusion which provided that the company would "not cover bodily injury or property damage

arising out of [] a violation of any criminal law for which the insured is convicted." Id. Noting that "the 'criminal law exclusion' is fairly typical in the insurance industry", the court concluded that the language "exclude[d] coverage for damage arising out of a violation of any criminal law for which an insured is convicted." Id. at 414; accord Nationwide Mut. Fire Ins. Co. v. James, No. 09-40-EBA, 2011 U.S. Dist. LEXIS 10802, at *20-21 (E.D. Ky. Feb. 3, 2011) (interpreting a criminal law exclusion provision under Kentucky law).

There is no dispute that reckless endangerment qualifies as a criminal act. Vacek argues, however, that Kostaneski is not pertinent because she did not engage in a criminal act. (Vacek's Resp. at 6-7.) She contends that she "pleaded guilty to reckless endangerment as a practical matter because she could not afford the cost of proving her innocence at trial." (Id. at 8.)

Vacek is estopped from arguing she did not commit a criminal act. In South Dakota, a court will generally consider a party to be judicially estopped from making an argument if "the later position [is] clearly inconsistent with an earlier one; the earlier position was judicially accepted...and the party taking the inconsistent position would derive an unfair advantage or impose an unfair detriment to the opponent if not

9

estopped." Canyon Lake Park, L.L.C. v. Loftus Dental, P.C., 700 N.W.2d 729, 737 (S.D. 2005) (internal quotations omitted).

There is no dispute that Vacek's current position differs from the position she took when she pled guilty in the criminal proceeding; she now denies any wrongdoing. A party's guilty plea is a judicial acceptance of fact. See State ex rel. White v. Brandt, 748 N.W.2d 766, 772-73 (S.D. 2008) (finding a party estopped from contesting paternity when he pled guilty to owing child support in federal court); accord United States v. Hammon, 277 F. Appx. 560, 567 (6th Cir. 2008) (recognizing that in general "an admission in a guilty plea [] satisf[ies] the judicial acceptance factor"). Vacek admits she pled guilty to reckless endangerment in exchange for a benefit. She says she pled guilty on the condition that the charges against her for property damage and leaving the scene of an accident be dropped and that the aggravated assault charge be reduced to a misdemeanor. (Vacek Aff. ¶ 16.)

Progressive would be subject to an unfair detriment if Vacek were allowed to take a position inconsistent with her guilty plea. Progressive would be exposed to an obligation to pay that would not otherwise exist. Progressive has no independent liability for Harrison's injuries if Vacek is estopped from denying her criminal action.

In South Dakota, a guilty plea binds a party in subsequent civil proceedings. See State ex rel. White, 748 N.W.2d 772-73. "'A guilty plea is as much a conviction as a conviction following a jury trial.'" Gardner v. United States, 443 F. Appx. 70, 74 (6th Cir. 2011) (quoting Gray v. Comm'r, 708 F.2d 243, 246 (6th Cir. 1983)); accord Allstate Ins. Co. v. Blount, 491 F.3d 903, 912 (8th Cir. 2007) (holding that a "guilty plea and criminal conviction conclusively establish that there was a criminal act."). "[L]ater...testimony contradicting [her] guilty plea cannot create a genuine issue of material fact to survive a motion for summary judgment." Progressive Northern Ins. Co. v. McDonough, 608 F.3d 388, 391 (8th Cir. 2010). Because Vacek pled guilty, "[s]he admits and is estopped from relitigating the material facts alleged in the information or indictment." W. Hill Farms, LLC v. Classicstar, 823 F. Supp. 2d 599, 622 (E.D. Ky. 2011) (internal quotations omitted).

Vacek argues that her conduct was not intentional and that the criminal act exclusion applies only to intentional acts. But "[t]he policy language does not limit the exclusion to intentional criminal conduct. The language excludes coverage for damage arising out of a violation of any criminal law for which an insured is convicted." Kostaneski, 688 N.W.2d at 414 (emphasis in original). Like the policy in Kostaneski, there is a provision in the policy at issue here that excludes coverage

11

for intentional injury. (Policy, Part I ¶ 9, ECF No. 1-1.) "The fact that intentional and criminal acts are enumerated as separate and distinct exclusions, and that the criminal exclusion does not contain language of intent, leads to the conclusion that intent is not required in order to activate the criminal conviction exclusion." Kostaneski, 688 N.W.2d at 414. Vacek is bound by her guilty plea, and the exclusion applies to her actions.

In her Response to Progressive's Motion for Summary Judgment, Harrison says she "does not have any information pertaining to the insurance agreement...nor can she defend the factual assertions of the movant." (Harrison's Resp., ECF No. 31.) Based on her lack of information, Harrison "respectfully submits the matter to the court." (Id.) The Federal Rules of Civil Procedure provide that,

> [i]f a nonmovant shows by affidavit or declaration that...it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

The Court need not use its discretion to defer Progressive's Motion or to allow discovery because Harrison does not contest the Motion. Even if she did, she could not point out specific evidence in the record showing that there is a genuine dispute for trial. Harrison's only claim against Progressive is for the

12

proceeds of Vacek's insurance policy based on the injuries Harrison allegedly sustained as a result of Vacek's actions. (See Compl., ECF No. 1.) Vacek's actions are not covered by Progressive's policy. Therefore, Harrison cannot recover against Progressive.

V. **Conclusion**

Progressive's Motion for Summary Judgment is GRANTED.

So ordered this 27th day of August, 2012.

                                              s/ Samuel H. Mays, Jr.
                                              SAMUEL H. MAYS, JR.
                                              UNITED STATES DISTRICT JUDGE